### MARTHA A. COX v. WILLIAM M. COX.

1. FRAUD, *Evidence to Establish.* Direct proof of fraud can seldom be obtained, nor is such evidence absolutely essential to establish the dishonest purpose of parties to a pretended transfer of property, but the same may be shown by the conduct and appearance of the parties, the details of the transaction, and the surrounding circumstances.

2. FINDINGS, *Sustained.* The evidence in the present case examined and *held* to be sufficient to sustain a finding that an alleged transfer of real estate was made for the purpose of hindering, delaying and defrauding a creditor, and was without consideration.

*Error from Kingman District Court.*

ACTION to set aside a certain conveyance of land. Judgment for plaintiff, *William M. Cox,* at the June term, 1886. The defendant, *Martha A. Cox,* brings the case to this court. The facts are stated in the opinion.

*Sankey & Campbell,* for plaintiff in error.

*Gillett & Whitelaw,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: On April 30, 1886, William M. Cox instituted an action in the district court of Kingman county to set aside a conveyance of 160 acres of real estate, made October 6, 1885, by Elias L. Kennedy to Martha A. Cox, and to subject the property to the payment and satisfaction of a judgment recovered by William M. Cox against Kennedy.

The petition charged that Kennedy and Martha A. Cox, brother and sister, intending to cheat and defraud William M. Cox, caused a conveyance of the property to be made, but that no consideration was paid to Kennedy for the land, and that the sale was a sham, and made for the sole purpose of placing the property beyond the reach of William M. Cox as a creditor of Kennedy; and that any payment of money or notes by Martha A. Cox to Kennedy was a pretense entered into

for the purpose of enabling them to cover up the fraudulent purpose in the execution of the deed.    It was further stated that Kennedy had no other property of any kind, and that the obligation upon the judgment could not be enforced against him except by a levy upon the land, and that Martha A. Cox accepted the deed well knowing this fact and with a view of defeating the plaintiff below in the enforcement and collection of his claim.    The answer denied the allegations of the petition, and alleged that the purchase was made in good faith and for a valuable consideration; and there was the further allegation that Elias L. Kennedy was not indebted to William M. Cox in any sum.    The court found that the conveyance was made for the purpose of hindering, delaying, and defrauding William M. Cox; that it was without consideration, and that Martha A. Cox was aware of the fraudulent purpose in the execution of the deed; and rendered a decree setting aside the conveyance and subjecting the property to the satisfaction of the judgment.

The only complaint here made is, that the evidence does not warrant the finding and decree of the court.    After reading the testimony, we are unable to say that the result reached by the court is incorrect.    The case turns largely on the credit to be given to the testimony of some of the witnesses, and the inferences to be drawn from the conduct and appearance of the parties; and of these the trial court could best judge. The indebtedness from Kennedy to William M. Cox arose from the sale of improvements made upon a tract of Osage trust or diminished reserve land, and amounted to $800, for which Kennedy gave a note, which indebtedness was subsequently reduced to judgment.    The existence of the debt was sufficiently established, and there is testimony to sustain the finding that the transfer of the land was made by Kennedy for the purpose of avoiding the payment of this debt and judgment.    It is shown that he had no means in sight which could be subjected to the payment of the debt, except this land. He denied liability on the note, and threatened that if Cox did not compromise and accept a certain proposition which he

made, he would never pay him anything; and there are circumstances connected with the transfer of the land to his sister which tend to impeach his good faith. It is argued that there is no evidence directly connecting Martha A. Cox with any fraud in the transfer. It is true, as contended, that honesty and fair dealing are presumed, and that one charging fraud must prove the same; but direct proof of a dishonest transfer of property can seldom be procured. "A fraudulent purpose is known only to the parties to the transaction, and they do not hasten to tell it. As a rule, therefore, fraud is disclosed only by the condition of the parties, the details of the transaction, and the surrounding circumstances." (*Kurtz v. Miller*, 26 Kas. 314; *Gollober v. Martin*, 33 id. 252.) In this case the plaintiff below depended largely upon the testimony of E. B. Cox, the husband of Martha A. Cox. He acted for his wife in the transaction, and she is bound by his knowledge and conduct concerning the same. He says his wife purchased the land from her brother for $1,000, paying $500 in cash, and agreeing to pay two other smaller amounts, but a large part of the balance was to be credited on the board and washing of Kennedy. His attempt to show his wife's ability to purchase, and the source from which she derived the $500, was not a success. He stated that she had a few head of young cattle; but when it was run down he accounted for only $45 derived by her from that source, out of which she had paid for a sewing machine. He then undertook to account for the amount by stating that it was largely furnished by himself, some of which he derived from the sale of cattle, and some he borrowed. A considerable part was borrowed before the purchase of the land, and when it was not anticipated. When asked his purpose in borrowing it, he said it was to use, but could not state to what use he intended to put it. Subsequently, he stated that the money was borrowed with the intention of building a house at some future but indefinite time. According to his statements, he was borrowing money when he had a considerable sum on hand and not in use. Kennedy lived with

1. Fraud, evidence to establish.

him, and together they went to Kingman the day before the sale, to obtain the final receipt given by the United States land department, and although Cox claimed to have about $500 on hand, Kennedy was compelled to borrow the money from a neighbor with which to pay the government charges in obtaining the final receipt. On the morning when the alleged sale was made, E. B. Cox and his wife formally executed and delivered a note to Kennedy for $500, although they claimed to have the amount on hand at the time; and in the evening of the same day, when Kennedy delivered the deed, they say the sum was paid and the note taken up and canceled. William M. Cox was endeavoring to enforce the collection of his debt by attachment proceeding, and Martha A. Cox stated in substance to a witness that her brother was being wronged by William M. Cox; that the amount that he had given in payment for the improvements on the land was too much, and that her brother ought to keep the land, and she would fight for him. It is true, E. B. Cox testified that the transaction was honest, and that the purchase-price was actually paid, but the court evidently did not believe him; and there are facts

2. Finding sustained.

and circumstances in the case — only a part of which have been mentioned — which tend to show that there was neither good faith nor consideration to support the alleged transfer. In that view of the case, it is our duty to affirm the finding and judgment of the court, which will be done.

All the Justices concurring.